STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. CV-07-361

JUDITH HILL, et al.,

        Plaintiffs,

        v.                                          ORDER

PROMENADE EAST
CONDOMINIUM ASSOCIATION,

        Defendant.


Before the court are cross motions for judgment on a stipulated record.


1.      Background

Pursuant to the stipulation and other facts that the parties have accepted as undisputed, plaintiffs Judith and Frederick Hill are the owners of Unit 111, a condominium unit within the Promenade East Condominiums at 340 Eastern Promenade in Portland. By virtue of their ownership of Unit 111, the Hills are members of defendant Promenade East Condominium Association. The units in the 340 Eastern Promenade building are on more than one floor, and therefore there are "horizontal boundaries" between the units within the meaning of 33 M.R.S. § 1603-113(b).

In September 2006 a leaking vacuum breaker on a water tank located within Unit 111 and owned by the Hills caused water damage to Unit 111 and the property contained in Unit 111.

State Farm Fire and Casualty Co., a co-plaintiff in this case, had issued a policy of insurance to the Hills. That policy stated that it was to be "excess over other insurance in the name of the condominium covering the same property covered by this policy."

The Promenade East condominium association had been issued a policy of insurance by OneBeacon Insurance Company, but it is undisputed that the OneBeacon policy only covered the common areas and elements in the condominium building and did not cover the loss experienced by the Hills. Since the State Farm policy provided coverage, State Farm paid the Hills $22,962.85, leaving the Hills with responsibility for $1,000, the amount of their deductible.

The Hills seek $1,000 and State Farm seeks $22,962.85 from the condominium association, contending that under the Maine Condominium Act the association was obligated to provide insurance covering their unit.

2.      Statutory Provisions

Section 1603-113 of the Maine Condominium Act provides that condominium associations shall maintain "to the extent reasonably available"

> Property insurance on the common elements, insuring against all risks of direct physical loss commonly insured against or, in the case of a conversion condominium, against fire and extended coverage perils. The total amount of insurance after application of any deductibles shall be not less than 80% of the actual cash value of the insured property at the time the insurance is purchased and at each renewal date, exclusive of land, excavations, foundations and other items normally excluded from property policies.

33 M.R.S. § 1603-133(a)(1).

Section 1603-133(b) expands an association's insurance obligations in the case of condominiums with horizontal boundaries:

> The insurance maintained under subsection (a), paragraph (1), to the extent reasonably available, may, and in the case of buildings containing units having horizontal boundaries between them, shall include the units, but need not include improvements and betterments installed by unit owners.

33 M.R.S. § 1603-113(b). *See also* 33 M.R.S. § 1603-113(d)(4) (if there is both association insurance and insurance in the name of the unit owner, association's insurance shall be primary).

Thus the statute is unequivocal that the condominium association was required to insure the Hills' unit, to the extent such insurance was reasonably available. The condominium association argues that the Act is ambiguous because another statutory provision requires that, with certain specified exceptions not relevant here, "each unit owner is responsible for maintenance, repair and replacement of his unit." 33 M.R.S. § 1603-107(a). To the extent that this creates any ambiguity, however, the court has not been directed to any legislative history that would resolve the issue. Nor does the overall statutory structure or purpose demonstrate that § 1603-113(b) should be limited beyond its apparent meaning. The court thus concludes that § 1603-113(b) and § 1603-107(a) can be reconciled to mean that ordinary maintenance, repair, and replacement costs rest with the unit owners, but repair and replacement that can be insured under a casualty loss policy must be covered by the condominium association.

The court is thus constrained to disagree with the analysis of the Maryland Court of Appeals in *Anderson v. Council of Unit Owners*, 948 A.2d 11 (Md. 2008). Although allocating the responsibility for insuring individual units to the owners of those units may well make more sense, the statutory imposition of that responsibility on the condominium association is not so illogical that the court may disregard the statutory language.

The conclusion that the condominium association was obliged to procure insurance does not, however, end the case. Remaining to be considered is whether the condominium bylaws constitute a waiver of the association's insurance obligations with respect to individual units.

3

3.  Bylaws

The Promenade East bylaws provide that the Association shall maintain, to the extent reasonably available, property insurance on "the common areas and facilities and limited common areas and facilities, together with all service machinery contained therein (but not including the units themselves . . . . )." Bylaws Section 6.13(A)(1). *See also* final sentence of 6.13 on p. 59. The condominium association argues that this bylaw provision constitutes a waiver of plaintiffs' claim that the association was obligated to insure the units. However, 33 M.R.S. § 1603-113(i) provides that the provisions of that section "may be varied or waived in the case of a condominium all of whose units are restricted to non-residential use." By clear implication, section 1603-113 may not be varied or waived in the case of a residential condominium such as Promenade East. *Accord*, 33 M.R.S. § 1601-104.

4.  Subrogation

The condominium association also argues that the bylaws operate as a waiver of State Farm's right to subrogation. While the bylaws might otherwise constitute a waiver of subrogation rights under such cases as *Acadia Insurance Co. v. Buck Construction Co.*, 2000 ME 154 ¶ 15, 756 A.2d 515, 518, and *Reliance National Indemnity v. Knowles Industrial Services Corp.*, 2005 ME 29 ¶¶ 18-19, 868 A.2d 220, 227, the bylaw provisions allocating responsibility for insurance to the unit owner cannot be given effect in this case in light of 33 M.R.S. §§ 1601-104 and 1603-133(i).

4

5.   Damages

The condominium association finally argues that plaintiffs are not entitled to seek damages for any loss to "improvements and betterments installed by unit owners." *See* § 1603-133(b). This is correct.[1] However, the parties have submitted invoices and payment summaries for the amounts paid by State Farm, and the court can determine from those documents that most of the amounts paid were for damage to the unit. The court, will, however, exclude (1) $932.93 designated as "carpet replacement (paid to insured) spent toward floor upgrade," (2) $52.28 designated as "Coleman Air Mattress (lost in move out)", and (3) $736.16 for replacement accommodations. The condominium association's statutory obligation to insure the unit does not require the association to pay for temporary replacement housing.

The entry shall be:

Judgment is entered in favor of plaintiffs Judith and Frederick Hill in the amount of $1,000 and in favor of plaintiff State Farm Fire and Casualty Co. in the amount of $21,241.48. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:   January _12_, 2009.

Thomas D. Warren
Justice, Superior Court

---

[1] Plaintiffs argue that it is defendant's burden to prove how much of the amount paid was for improvements. The court disagrees. While an insurer may have the burden of proving that a claim falls within a policy exclusion, that rule does not apply where no insurance policy is involved. Plaintiffs have the burden of proving that they are entitled to relief from the condominium association under the statute.

5

OF COURTS
:rland County
:. Box 287
laine 04112-0287

THOMAS MARJERISON ESQ
PO BOX 4600
PORTLAND ME 04112



F COURTS
and County
3ox 287
ine 04112-0287

ROBERT HOY ESQ
PO BOX 1569
GRAY ME 04039

